## 22ND JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. TAMMANY

## STATE OF LOUISIANA

NO. $\underline{2019\text{-}12533}$                                DIVISION $\underline{F}$

### SAPS, LCC

### VERSUS

### EZCARE CLINIC, INC.

FILING DATE: _____         _____
                                                                                        **DEPUTY CLERK**

### VERIFIED PETITION FOR DAMAGES FOR DEFAMATION, PRELIMINARY INJUNCTION, AND PERMANENT INJUNCTION

**NOW INTO COURT**, through undersigned counsel, comes plaintiff, SAPS, a Louisiana

LLC, (hereinafter "SAPS" dba "US Service Animals and "USServiceAnimals.org") with its

principal office in Covington, Louisiana, and currently provides employment and support for 24

Louisiana employees and their families, which respectfully avers:

I.

Made defendant herein is EZCARE CLINIC, INC, a California corporation (hereafter;

"Defendant")

II.

*Jurisdiction is proper in Louisiana. Defendant has minimum contacts with the State of*

*Louisiana by specifically targeting SAPS, a Louisiana LLC, with willful and repugnant defamatory*

*language on the defendant's website which is advertised nationally including in Louisiana and has*

damaged SAPS reputation and good name.

III.

Since its formation in July of 2015, SAPS, LLC has been in the business of selling products and services to people who have and/or need service animals or emotional support animals.

IV.

Part of SAPS's business model includes attracting customers through its website by paying for advertising through search engines such as Google and Bing.

V.

SAPS has invested hundreds of thousands of dollars in its online marketing effort to obtain these customers.

VI.

Many customers that SAPS acquires through these paid advertisements are referred to independent licensed mental health care professionals throughout the nation, for which SAPS earns a fee.  The customer then establishes a live professional relationship with that mental health professional.

VII.

After referring these customers to these mental health professionals, SAPS continues to manage these customers and market to them.

VIII.

In particular, SAPS sends regularly scheduled marketing emails to these customers that it has paid to acquire in an attempt to sell products to them.

IX.

Under the Air Carrier Access Act, a person with an emotional support animal must have a letter from a licensed mental health professional dated within one year of travel indicating the need for that emotional support animal.  As such, after the initial referral and consultation, SAPS manages its customers to make sure that they are referred back to the mental health professional for at least an annual follow up visit, for which SAPS earns a fee.

X.

In addition, under the Louisiana Equal Housing Opportunity Act (Act) (La. R.S. 51:2601, et seq.) and the Federal Fair Housing Act (42 USC 3601 et seq.), a person with an emotional support animal must maintain a relationship with a licensed mental health professional indicating that the need for the emotional support animal. After the initial referral and consultation, SAPS manages its customers to make sure that they are referred back to the mental health professional for at least an annual follow up visit, for which SAPS earns a fee.

XI.

As such, SAPS has spent hundreds of thousands of dollars accumulating and maintaining a list and proprietary information of tens of thousands of customers that will continue to generate revenue for the company long into the future.

XII.

In late March of 2019, SAPS was contacted by a potential customer. The customer stated that she read on defendant's website that US Service Animals was a "scam". (Exhibit A).

XIII.

On March 16, 2019, a cease and desist letter was delivered to the agent for service of process at the address noted in the defendant's filing with the California Secretary of state (Exhibit B).

XIV.

Defendant has chosen to willfully ignore the cease and desist letter.

XV.

In Louisiana Law, every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it. LA Civ Code 2315 (2018). Defamation is established by 1) defamatory words, 2) publication or communication to a third party, 3) falsity, and 4) malice. *Costello v. Hardy*, 03-1146, p. 13 (La.1/21/04), 864 So.2d 129, 140. The defendant published a website that accuses SAPS of the crime of fraud. (Exhibit C) by using the words "scam" and "fraudulent" in reference to SAPS. The words the defendant uses convey an element of personal disgrace, dishonesty, or disrepute and accuses SAPS of a crime. Defamation per se establishes the presumption of falsity and malice when there is accusation of a crime. *Lemeshewsky v.*

*Dumaine*, 464 So.2d 973, 975 (La.App. 4 Cir.1985), *Kosmitis v. Bailey*, 28,585, p. 2 (La.App. 2 Cir. 12/20/96), 685 So.2d 1177, 1180.  Furthermore, defendant's misconduct has caused internet search engines to publish the egregious defamatory remarks on the world wide web thereby exacerbating the harm on an ignominious scale.  (Exhibit C)

XVI.

The Defendant is therefore liable to SAPS for all compensatory damages, nonpecuniary damages, punitive damages, and attorney fees.  Defendant is also liable to SAPS under any and all other general and/or equitable causes of action that may apply to these facts.

XVII.

SAPS has also demonstrated substantial a substantial likelihood of success on the merits, that nature of the defendant's action is contrary to direct violation of a prohibitory law, that they are entitled, as a matter of law, and upon hearing, to a preliminary injunction during the pendency of this litigation pursuant to La. C.C.P., art 3602.

**WHEREFORE**, SAPS prays the following:

A. Issue a Preliminary Injunction enjoining defendant during the pendency of the suit, from any acts publishing and maintaining any defamatory language against SAPS;

B. Issue a Permanent Injunction enjoining defendant from any acts publishing and maintaining any defamatory language against SAPS

C. Instruct that defendant be served with a copy of the above and foregoing petition and order;

D. Instruct that the defendant be cited to answer the petition and appear before this Court at a time and fixed by this court to show cause why a preliminary injunction should not be issued as prayed for and, after all due proceedings had, a permanent injunction and declaratory judgment issued as prayed for by SAPS;

E. That there be judgment entered in favor of SAPS and against defendant for all damages the SAPS has sustained as a result of the defamation including all

compensatory damages, nonpecuniary damages, punitive damages, and attorney fees.

F. Award to SAPS such other and further relief to which they are entitled.

Respectfully Submitted,

Dominick J. Latino (LSBA # 36888)
Column Law Firm
69156 Hwy 190 Service Road
Covington, LA 70433
985-327-4799

EXHIBIT B

# COLUMN LAW FIRM, LLC

1 of 4

69156 HWY 190 Service Road
Covington, LA 70433

14 March 2019

Gregory Dowbak
EZCare Medical Clinic
1884 Market St
San Francisco CA 94102

Dear Mr. Dowbak:

I represent SAPS, LLC d/b/a US Service Animals. EZCare Medical Clinic has published a page on its website with the following URL:

https://ezcareclinic.com/emotional-support-animal-letter-usserviceanimals-org/

This page contains a myriad of statements about my client that are patently false and defamatory, including directly accusing my client of operating fraudulently. Consider this notice that my client intends to pursue legal action against EZCare Medical Clinic and any other related entities for publishing these false statements.

In order to prevail, my clients need only prove that 1) you made a false and defamatory statement concerning my client; 2) that you made an unprivileged publication to a third party; and 3) that you acted at least negligently in publishing the communication. The false statements on your site include claims that my client's website makes "no mention on the site of actually speaking with a physician or LMHP", "they also do not have a physical location listed on their website", "the phone number they have listed went unanswered", and that my client's site claims that registration "is an additional needed service." Your claims are demonstrably false by even a cursor review of my client's website. Moreover, your site states bluntly, "UsServiceAnimals.org is a fraudulent site." This is defamatory per se and you published these lies in a public forum. As such, my client will easily prove the elements necessary to prevail in this matter.

The page containing these lies about my client was published on October 20, 2018. To date, its publication has caused my client damages in the amount of $350 per day for a total of $52,500, and my client will continue to accrue damages until this page is taken down.

My client demands that you immediately remove this page and any other reference to my client from your website. In addition, you are placed on notice to:

1)   Preserve any evidence related to the drafting of the text of this page on your website;

---

Attorney:
Dominick J. Latino III

Phone:
985.327.4799 (O)
866.957.3667 (F)

Email:
DL@columnlawfirm.com

# COLUMN LAW FIRM, LLC     2 of 4

69156 HWY 190 Service Road
Covington, LA 70433

2)    Preserve any emails or other written internal or external communication related to the drafting of this page on your website;

3)    Preserve any evidence related to any alleged research or investigation of my client's website performed by anyone who participated in the drafting or approval of this page on your website; and

4)    Preserve any other evidence relevant to the drafting and publication of this page on your website.

My client may consider foregoing legal action if an amicable resolution can be reached that includes a non-disparagement agreement and compensation for my client's damages. Otherwise, you will receive our formal Complaint shortly.

Sincerely,


Dominick J. Latino III
Attorney at Law, MBA
COLUMN LAW FIRM, LLC

Attorney:
Dominick J. Latino III

Phone:
985.327.4799 (O)
866.957.3667 (F)

Email:
DL@columnlawfirm.com

# 22ND JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. TAMMANY

## STATE OF LOUISIANA

NO._____

DIVISION_____

### SAPS, LCC

### VERSUS

### EZCARE CLINIC, INC.

FILING DATE: _____

_____
**DEPUTY CLERK**

## VERIFICATION

PARISH OF ST. TAMMANY

Before me, the undersigned authority, duly commissioned and qualified in the State of Louisiana, personally appeared, James M. Benson, known to me, who being first duly sworn, upon his oath deposed and stated the following:

1. My name is James M. Benson.  I am over the age of eighteen years old and I am fully competent to make this verification.

2. I am a member of SAPS and am authorized to sign all documents related to SAPS.

3. I have read the above and foregoing VERIFIED PETITION FOR DAMAGES FOR DEFAMATION, PRELIMINARY INJUNCTION, AND PERMANENT INJUNCTION, and I am familiar with the facts alleged herein.

4. All the information contained in the Petition is true and correct to the best of my knowledge, information, and belief.

James M. Benson

SWORN AND SUBSCRIBED before me this _____ day of MAY 2019, to certify which witness my hand and official seal.

Dominick J. Latino (LSBA # 36888)

7

**22ND JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. TAMMANY**

**STATE OF LOUISIANA**

NO._____                              DIVISION_____

**SAPS, LCC**

**VERSUS**

**EZCARE CLINIC, INC.**

FILING DATE: _____     _____
                                                               **DEPUTY CLERK**

**ORDER**

CONSIDERING THE FOREGOING VERIFIED PETITION FOR DAMAGES FOR

DEFAMATION, PRELIMINARY INJUNCTION, AND PERMANENT INJUNCTION filed

herein by SAPS:

IT IS ORDERED that the defendant show cause on _____ day of

_____, 2019, at _____ o'clock, _____m why a preliminary

injunction should not be issued and granted as prayed for by SAPS.

IT IS FURTHER ORDERED that defendant file their response to SAPS request for a

Permanent Injunction within the delays allowed by law.

Signed in St. Tammany, Louisiana this _____ day of _____, 2019.

_____
                    JUDGE

8

**Please Serve:**

Via Long-Arm Service:

EZCARE CLINIC, INC.
GREGORY DOWBAK
1884 MARKET ST
SAN FRANCISCO CA 94102