UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| SAPS, LLC | CIVIL ACTION |
|---|---|
| VERSUS | No.: 19-11229 |
| EZCARE CLINIC, INC. | SECTION: "J"(1) |

## ORDER & REASONS

Before the Court is a *Motion to Dismiss for Lack of Personal Jurisdiction* **(Rec. Doc. 7)** filed by Defendant EZCare Medical Clinic ("EZCare"), an opposition thereto by Plaintiff SAPS, LLC ("SAPS") (Rec. Doc. 8), and a reply by EZCare (Rec. Doc. 11). Having considered the motion and memoranda, the record, and the applicable law, the Court finds that EZCare's Motion should be **DENIED**.

## FACTS AND PROCEDURAL BACKGROUND

This is a defamation action by SAPS against EZCare. Both companies offer services related to emotional support animals. SAPS, a Louisiana limited liability company, alleges that EZCare published an article on its website accusing SAPS of fraud and calling it a "scam."[1] The article stated that SAPS's website, USServiceAnimals.org, was "not legitimate" and "offer[ed] fraudulent Emotional Support services."[2]

EZCare is a California corporation. It has no offices in Louisiana, employs no Louisiana residents, conducts no business in Louisiana, and pays no Louisiana taxes.

---

[1] (Rec. Doc. 1-1, at 3).
[2] (Rec. Doc. 5-1, at 16).

SAPS alleges that EZCare's article was read by potential customers in Louisiana, specifically Orleans and St. Tammany Parishes.

On May 16, 2019, SAPS filed its original petition against EZCare in state court. On June 14, 2019, EZCare removed the case to this Court, asserting diversity jurisdiction. On July 12, 2019, EZCare moved to dismiss for lack of personal jurisdiction and, alternatively, for improper venue pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(3), respectively.

## **PARTIES' ARGUMENTS**

### I. EZCARE'S MOTION TO DISMISS

EZCare argues that the Court does not have general personal jurisdiction because it does not have continuous and systematic contacts with Louisiana.[3] EZCare claims it has no offices, employees, or agents for service of process in this state, nor does it conduct any business here.[4]

EZCare also alleges that this Court does not have specific personal jurisdiction over it because it did not commit a single act directed at, nor purposefully avail itself of, Louisiana.[5] It contends that SAPS has failed to make a prima facie case showing that Louisiana is the focal point of the alleged defamatory statements because SAPS admitted that EZCare's website is advertised nationally and does not target Louisiana specifically.[6] EZCare maintains that the alleged defamatory statements

---

[3] (Rec. Doc. 7-1, at 4).
[4] *Id.*
[5] *Id.*
[6] *Id.* at 5.

make no mention of Louisiana nor does SAPS allege that the statements were made in Louisiana; thus, the activities were being conducted nationwide.[7]

In the alternative, EZCare argues that the venue is improper in this district and the lawsuit should be transferred to the Northern District of California if not dismissed.[8]

## II. SAPS's Opposition

SAPS argues that the Court has personal jurisdiction over the claim for defamation and that the Eastern District of Louisiana is the proper venue. It contends that the defamatory statements were created by EZCare in California and published in Orleans and St. Tammany Parishes in Louisiana, thus establishing personal jurisdiction.[9]

SAPS asserts that there is a direct nexus between the defamatory statement, the publication in Louisiana, and the brunt of the harm felt by SAPS in Louisiana.[10] SAPS maintains that the actual content of the defamatory statements gives rise to an action and that alone constitutes purposeful availment.[11] SAPS contends that the brunt of the harm being in Louisiana is sufficient to establish jurisdiction, relying on *Calder v. Jones*, 465 U.S. 783 (1984).[12] SAPS avers that jurisdiction is proper because EZCare's article was about a Louisiana company, drew from Louisiana sources—namely, SAPS's website—and caused harm to SAPS in Louisiana.[13]

---

[7] *Id.*
[8] *Id.* at 7.
[9] (Rec. Doc. 8, at 4).
[10] *Id.* at 6.
[11] *Id.* at 7.
[12] *Id.* at 7-8.
[13] *Id.* at 8.

**III. EZCARE'S REPLY**

EZCare argues that SAPS has failed to make a prima facie showing that Louisiana was the focal point of the alleged defamatory comments.[14] EZCare contends that, even if SAPS's allegations that three people in Louisiana read the comments, the harm caused by the comments was felt by SAPS in Louisiana, and EZCare knew that the harm would be felt in Louisiana are taken as true, those allegations are still insufficient to support exercising personal jurisdiction over it.[15] EZCare argues that SAPS's exhibits are not authentic and, in any respect, fail to show that EZCare knew SAPS was from Louisiana.[16] EZCare points out, for example, that SAPS's address is not on the main page of SAPS's website.[17] Finally, EZCare claims that merely posting on the internet does not subject the author to personal jurisdiction unless the statements are adequately directed at the forum.[18]

## **LEGAL STANDARD**

Rule 12(b)(2) of the Federal Rules of Civil Procedure permit the dismissal of a suit for lack of personal jurisdiction. FED. R. CIV. P. 12(b)(2). The party seeking to invoke the power of the court bears the burden of establishing personal jurisdiction by showing a prima facie case of jurisdiction. *Luv N'Care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006). The court must accept the plaintiff's uncontroverted allegations and resolve all conflicts between the facts contained in the parties'

---

[14] (Rec. Doc. 11, at 4).
[15] *Id.* at 1.
[16] *Id.* at 2-3.
[17] *Id.* at 3.
[18] *Id.* at 4.

4

affidavits and other documentation in favor of jurisdiction. *Id*. Because the limits of the Louisiana long-arm statute are coextensive with constitutional due process limits, the inquiry here is whether jurisdiction comports with federal constitutional guarantees. *See Jackson v. Tanfoglio Giuseppe, SRL*, 615 F.3d 579, 584 (5th Cir. 2010).

The Due Process Clause of the Fourteenth Amendment guarantees that no federal court may assume personal jurisdiction of a non-resident defendant unless the defendant has certain "minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (citation omitted). The Supreme Court has recognized two types of personal jurisdiction: specific and general. *Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773, 1779-80 (2017).

Specific jurisdiction exists when "the defendant has 'purposefully directed' his activities at residents of the forum . . . and the litigation results from injuries that arise out of or relate to those activities." *Burger King v. Rudzewicz*, 471 U.S. 462, 472 (1985) (citations omitted). The non-resident's purposefully directed activities in the forum must be such that he could reasonably anticipate being haled into court in the forum state. *Id.* at 474. The defendant may then defeat jurisdiction by showing it would be unreasonable. *See id.* at 476-77.

For a defendant to be subject to personal jurisdiction in a defamation action, the forum must be the focal point of the allegedly defamatory statements. *Clemens*

*v. McNamee*, 615 F.3d 374, 379 (5th Cir. 2010). To show that the forum was the focal point, the plaintiff must show that the statements concerned activity in the forum, were made in the forum, or were directed more to residents of the forum than any other state. *Id*. at 380.

## DISCUSSION

### I. PERSONAL JURISDICTION

SAPS does not contend that the Court has general jurisdiction over EZCare. Therefore, the issue is whether the Court may exercise specific jurisdiction over EZCare.

In *Calder v. Jones*, an actress filed suit in California that allegedly defamed her in an article. 465 U.S. at 784. The newspaper's principal place of business was in Florida; however, California was its largest market. *Id*. at 785. The actress was a resident of California, and her professional life was in California as well. *Id*. The Supreme Court noted that the writer of the article had made several phone calls to California to gather information that was later used in the article. *Id*. at 785-786. The Court concluded that jurisdiction was proper in California because the writer drew from California sources to write the article, and the article was centered around the California activities of a resident of the state; therefore, the brunt of the harm from the article was felt in California. *Id*. at 788-789. The Court thus upheld the exercise of specific jurisdiction, finding that California was "the focal point both of the story and of the harm suffered." *Id*. at 789.

The Fifth Circuit has emphasized *Calder*'s requirement that, to support personal jurisdiction against a defaming defendant, the forum must be "'the focal point of the story.'" *Clemens v. McNamee*, 615 F.3d 374, 379 (5th Cir. 2010) (quoting *Calder*, 465 U.S. at 789). In *Clemens*, the court held that personal jurisdiction was lacking in Texas because the allegedly defamatory statements did not concern activity in Texas, were not made in Texas, and were not directed to residents of Texas more than any other state. *Id.* at 380. The court emphasized that a plaintiff seeking to establish specific jurisdiction over a defendant in an action for defamation must show that both the subject matter of the article and the sources for the article were in the forum state. *Id.*; *see also Revell v. Lidov*, 317 F.3d 467, 474 (5th Cir. 2002) ("[T]he sources relied upon and activities described in an allegedly defamatory publication should in some way connect with the forum if *Calder* is to be invoked.").

Here, the statements regarding SAPS were written and published in California on a website that is advertised nationally and does not target any specific area. Nevertheless, the article describes SAPS's activities, which took place in Louisiana, and it uses as source material images of SAPS's website, which SAPS maintains in Louisiana.[19] *See Clemens*, 615 F.3d at 380. The article also states that a call made to the phone number listed on the website, which is a Louisiana number, went unanswered.[20] *See Calder*, 465 U.S. at 785-86. EZCare does not contest that the brunt of the harm was suffered in Louisiana. *See id.* at 789. Therefore, under *Clemens*, SAPS has established sufficient minimum contacts for the Court to exercise

---

[19] (Rec. Doc. 5-1, at 14-17).
[20] (Rec. Doc. 5-1, at 16).

personal jurisdiction over EZCare because the activity described in the article, the sources for the article, and the harm caused by the article are all located in Louisiana.

It is true that the article does not explicitly mention Louisiana.[21] Based on this, EZCare argues that personal jurisdiction is not proper because SAPS has not shown that EZCare knew SAPS was in Louisiana and, therefore, knew that the harm would be suffered in Louisiana. However, EZCare fails to provide any authority for the proposition that a defendant's actual knowledge of the plaintiff's location in a district is required for courts in that district to exercise jurisdiction over the defendant. Rather, the Supreme Court has said that specific jurisdiction exists where "the defendant has 'purposefully directed' his activities at *residents* of the forum." *Burger King*, 471 U.S. at 472 (emphasis added) (citation omitted). Because EZCare has purposefully directed its activities at SAPS, its willful ignorance of SAPS's location will not prevent the Court from exercising personal jurisdiction over it. "A State generally has a 'manifest interest' in providing its residents with a convenient forum for redressing injuries inflicted by out-of-state actors." *Id.* at 473 (citation omitted).

Moreover, this is not a case where "the statements focus on activities and events outside the forum state." *Herman v. Cataphora, Inc.*, 730 F.3d 460, 465 (5th Cir. 2013) (citing *Clemens*, 615 F.3d at 379-80). Nor can it be said that the contacts with Louisiana are random, fortuitous, or attenuated: by purposefully targeting

---

[21] (Rec. Doc. 5-1, at 14-17).

SAPS, EZCare could reasonably anticipate being haled into court where SAPS was located. *See Burger King*, 471 U.S. at 474-75.

Additionally, EZCare has not presented a "compelling case" that the exercise of jurisdiction over it would be unreasonable. *Id.* at 477. While litigating in Louisiana would place a burden on EZCare, a citizen of California, the Court finds that this circumstance is not sufficiently compelling so as to defeat the exercise of jurisdiction. *See id.*; *see also Wien Air Alaska, Inc. v. Brandt*, 195 F.3d 208, 215 (5th Cir. 1999) ("[O]nce minimum contacts are established, the interests of the forum and the plaintiff justify even large burdens on the defendant.").

## II. VENUE

EZCare next argues that this case should be dismissed for improper venue or, in the alternative, it should be transferred to the Northern District of California. Venue is appropriate in, inter alia, "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2). The article giving rise to this action concerns a citizen of Louisiana. EZCare gathered information for the article by accessing SAPS's website, which it maintains from Louisiana, and by placing a phone call to Louisiana. Further, the reputational damage to SAPS was suffered in Louisiana. The Court finds this district to be a proper venue for this dispute.

Finally, the Court denies EZCare's request to transfer this case to the Northern District of California. The Court finds that witnesses and evidence are likely to be

found in both districts and therefore concludes that the interest of justice does not compel a transfer of this case at this time. *See* 28 U.S.C. §1404(a).

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** EZCare's *Motion to Dismiss for Lack of Personal Jurisdiction* **(Rec. Doc. 7)** is **DENIED**.

New Orleans, Louisiana this 19th day of August, 2019.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE