UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| SAPS, LLCS | * | CIVIL ACTION NO. 19-11229 |
| | * | |
| | * | SECTION: "J"(1) |
| VERSUS | * | |
| | * | JUDGE CARL J. BARBIER |
| | * | |
| EZCARE CLINIC, INC. | * | MAGISTRATE JUDGE |
| | * | JANIS VAN MEERVELD |
| ************************************ | * | |

ORDER AND REASONS

Before the Court is Plaintiff's Motion to Quash Defendant's Notice of Rule 30(b)(6) Deposition of SAPS, LLC. (Rec. Doc. 27), filed on April 14, 2020. For the following reasons, the Motion to Quash is DENIED.

Plaintiff SAPS, LLC ("SAPS") seeks a protective order preventing defendant EZCare Medical Clinic, Inc. ("EZCare")[1] from taking the deposition of SAPS until travel restrictions and social distancing measures related to COVID-19 are lifted. SAPS reports that three of the corporate representatives it will designate to testify on its behalf are located out of state, in Florida, Texas, and Maryland. EZCare proposes to take the deposition remotely using ZOOM online conferencing with one court reporter located in New Orleans, Louisiana. SAPS argues that the Federal Rules of Civil Procedure require that the deposition be taken before an officer of the court authorized to administer the oath in Florida, Texas, and Maryland. SAPS submits that this requirement can only be satisfied if the oath-administering officer is in person with the deponent.

On April 17, 2020, EZCare filed its Memorandum in Opposition to the Motion to Quash. It also filed a Motion to Expedite the Motion to Quash, pointing out that the discovery deadline will pass on April 21, 2020, over a week before the scheduled submission date on the Motion to

---

[1] EZCare reports that it was erroneously named as EZCare Clinic, Inc., by SAPS in its Petition.

1

Quash. The undersigned held a telephone conference with the parties on April 17, 2020. EZCare takes the position that the Federal Rules of Civil Procedure do not require that the oath be administered in person. Even if there was such a requirement, it argues that the COVID-pandemic warrants an exception. EZCare also submits that SAPS's motion is a meritless delay tactic, filed on the eve of the deposition that was noticed two weeks earlier.

During the telephone conference, SAPS reported that it is amenable to conducting the depositions remotely via video conferencing and transcribed by a Louisiana court reporter. However, it is not willing to proceed if the deposition will be invalid pursuant to the Federal Rules of Civil Procedure.

Rule 28 requires that a deposition be "taken before: (A) an officer authorized to administer oaths either by federal law or by the law in the place of examination; or (B) a person appointed by the court where the action is pending to administer oaths and take testimony." Id. R. 28 (a)(1). Rule 30 provides that "[t]he parties may stipulate—or the court may on motion order---that a deposition be taken by telephone or other remote means. For the purpose of this rule and rules 28(a), 37(a)(2), and 37(b)(1), the deposition takes place where the deponent answers the questions." Fed. R. Civ. P. 30(b)(4). Rule 30 also provides that "[u]nless the parties stipulate otherwise, a deposition must be conducted before an officer appointed or designated under Rule 28." Id. R. 30(b)(5)(A).

In the past, courts have held that the court reporter should be in the presence of the witness in order to administer the oath in the deponent's presence. E.g., Aquino v. Auto. Serv. Indus. Ass'n, 93 F. Supp. 2d 922, 923–24 (N.D. Ill. 2000) (concluding that Rules 28 and 30 require "the notary or court reporter to be in the presence of the deponent during the telephonic deposition, rather than in the presence of the attorneys conducting the examination"); Loucas G. Matsas Salvage &

2

Towage Mar. Co. v. M/T COLD SPRING I, No. CIV.A. 96-0621, 1997 WL 102491, at *2 (E.D. La. Mar. 5, 1997), aff'd sub nom. Loucas G. Matsas Salvage & Towage Mar. Co. v. M/V Cold Spring I, No. CIV. A. 96-621, 1997 WL 201647 (E.D. La. Apr. 23, 1997) (striking deposition testimony where the deposition was conducted by telephone with the witness in Poland but the court reporter, who was not authorized to administer the oath in Poland, was in Louisiana); Jahr v. IU Int'l Corp., 109 F.R.D. 429, 433 (M.D.N.C. 1986) (construing Rules 28 and 30 as requiring that "the witness must be administered the oath by a person who is in the witness' presence at the place of deposition"). Yet the rule itself does not explicitly require physical presence.

In any case, the present situation differs from that considered by the cited courts. First, unlike in those cases where one of the parties objected to the validity of the testimony, it appears that SAPS is not objecting to the proposed testimony as invalid, it just seeks to avoid expending resources on a deposition that is later deemed inadmissible by the court. Further, technology has advanced since the time of the cited decisions. The depositions proposed here will be taken by video-conference software that will allow the court reporter and the deponent to see and hear one another.

More importantly, however, as both parties acknowledge, the entire world is in the midst of a pandemic. The President of the United States, Governor of the State of Louisiana, and the Mayor of the City of New Orleans have declared a public health emergency throughout the country, State, and the City, respectively in response to the spread of COVID-19. State and local governments around the country, including in New Orleans, have issued regulations and recommendations to encourage social distancing as a means of limiting further community spread of the disease. Courts around the country, including our own, have modified procedures to try and combat the spread of COVID-19 while continuing to operate. E.g., Amended General Order No.

20-5, (E.D. La. Apr. 3, 2020) (closing the courthouse to the general public); General Order No. 20-4 (E.D. La. Mar. 30, 2020) (implementing rules for the use of video and telephone conferencing for various criminal proceedings); General Order No. 20-2 (E.D. La. Mar. 16, 2020) (continuing all trials until May 1, 2020). Judge Lewis J. Liman in the Southern District of New York has issued a standing order implementing emergency practices for cases in his section, providing, among other things that all depositions may be taken by telephone, videoconference, or other remote means and clarifying that:

> For avoidance of doubt, a deposition will be deemed to have been conducted "before" an officer so long as that officer attends the deposition via the same remote means (*e.g.*, telephone conference call or video conference) used to connect all other remote participants, and so long as all participants (including the officer) can clearly hear and be heard by all other participants.

COVID-19 Emergency Individual Practices in Civil and Criminal Cases, (S.D.N.Y. Apr. 9, 2020).

This court will not require parties to appear in person with one another in the midst of the present pandemic. Nor is it feasible to delay the depositions until some unknown time in the future. Presently, the parties' June 15, 2020, trial remains on the trial docket. In order to prepare for trial and meet their pretrial deadlines, the depositions must be conducted in the next couple of weeks. The court hereby holds that, under the present circumstances, the depositions to be taken in this case will satisfy Rule 28's requirement that they be "taken before . . . an officer authorized to administer oaths either by federal law or by the law in the place of examination" so long as that officer attends the deposition via the same remote means (*e.g.*, video conference) used to connect all other remote participants, and so long as all participants (including the officer) can clearly hear and be heard by all other participants.

With this clarification in place, there is no basis to issue a protective order delaying the corporate deposition of SAPS. Accordingly, the Motion to Quash is DENIED. EZCare's request

for its fees and costs associated with opposing the Motion is declined, although the court cautions SAPS in future to cooperate to the fullest in arranging for the deposition(s) required by defendant. The hardships presented by the pandemic must inspire a higher level of cooperation, courtesy, and creative problem solving between counsel than that demonstrated here.

It is further ordered that the Motion to Expedite (Rec. Doc. 29) is DENIED as MOOT.

New Orleans, Louisiana, this 21st day of April, 2020.

                                              Janis van Meerveld
                                           United States Magistrate Judge